Good morning, Your Honors, and may it please the Court, Counsel. On this appeal, we raised three important issues, but the more that one looks at the Rule 604D certificate filed by defense counsel in this case, the more it becomes clear that this matter has to be sent back to the circuit court for failure to comply with that rule, providing the remedy of remaining for filing a proper certificate, the opportunity to file a new motion to withdraw the guilty plea or consider the patently disproportionate sentence, and a new motion hearing or hearings. In this regard, I want to actually credit opposing counsel for doing something on the very first page of her brief that, frankly, I should have done in my own opening brief. Very first page of her brief, she simply quotes the Rule 604D regarding the certificate requirements and then reproduces, quoting the actual certificate filed by defense counsel in this case in the court below. This Court only compared the two and reviewed two or three of the most apposite cases cited in our brief, in particular, People v. Grice and People v. Dismou, to recognize that the certificate file did not meet the test of the law, and that this case has to be remanded for compliance with the rule. I could actually probably rest this juncture, but at the risk of reinforcing stereotypes about the viability of lawyers, I would like to add a few more words to elucidate these arguments. With respect to the 604D certification, we identified four flaws, and one of them alone is dispositive, and that is the fact that the certificate states that Attorney Hewitt, Tim Hewitt in the court below, examined the report of proceedings, but did not specify that he examined the report of the proceedings of the guilty plea. And that's required. That's one of the flaws that caused the Court to reverse in People v. Grice and People v. Dismou. That alone, I think, is dispositive. But in addition to that, we identified three other flaws. One was misidentifying his own client's gender. Now, if it was just that, that could be attributed to poor proofreading, etc., but it's part of a broader pattern. When you read the whole certificate, it's clear that he was not exercising care to do this properly. Secondly, instead of saying that he made amendments to the pleading necessary for presenting any amendments to the motion necessary for adequate presentation of any defects, he just said he made amendments to the pleadings when, in fact, he didn't make any amendments to the pleadings. And then related to that is our fourth point that he should have. The pro se motion that was presented to the Court, where Willis himself was completely devoid of merit. He said, well, how could I be convicted of escape when I didn't escape? The issue was that he failed to report. When the judge awarded him to report, he reported a week later of his own volition. Well, the law is very clear that a statute of escape counts that as an escape. It may be counterintuitive, but there's absolutely no merit to this. Well, the irony here is that the very argument made in the pro se motion should have signaled Attorney Hewitt, hey, this guy didn't understand what he was pleading guilty to. Therefore, his guilty plea was not knowing, intelligent, and voluntary. And so that gives me an argument. If I were really doing what 604 says I should do, I should amend the pleadings to raise this argument. He didn't. He didn't understand the charge, apparently. His own pro se motion illustrates that. His own pro se motion also said that, well, I didn't understand. I could not be found guilty on the escape charge itself. Also indicating he didn't understand, apparently, that by pleading guilty, well, that's a conviction for guilty. You are guilty if you plead guilty. Basically, the pro se motion confesses Mr. Willis' own ignorance about what was going on in this case, and it gave Hewitt an argument. What did Hewitt do? He rested on the pleadings of this devoid argument. He tries to add it orally the next day by saying, well, I also think it was error for the trial judge not to recuse himself, and we made a motion for substitution on the day of trial, meaning he had to try to argue substitution for cause. Well, leaving aside that that oral argument was also devoid of merit, and I can talk about that at the court once, but I think it's pretty clear it was, this actually proves our point about, an additional point about the defectiveness of the 604D certificate. The very fact that when he files his certificate saying, I've already examined the pleadings, I've already examined the record, and I've made any amendments necessary, and then he comes up with a new argument the next day, pretty much clues you in that he didn't do what he said he did in his certificate, and the certification requirement is very clear. You have to, it's not just that you have to file a certificate properly, you have to actually do what you say you did on the certificate, and the case law is very clear on that, and I cited the People v. Love case, there's another one that we can look at in that regard, where the court held that the certification requirement is designed to supply proof of actual compliance with the rule, not merely of the intent to comply. So where the state argues, well, he didn't make an amendment, he made it early the day after, that actually proves our point, that there was not strict compliance with the rule, and if there's one thing that our Supreme Court has made abundantly clear in the case law in Rule 604D, is that it does not tolerate a slippery slope when it comes to enforcement of the rule, and in particular, this particle rule. The whole point of Rule 604D, as cited in cases like the Jaynes case, the Shirley case, and others, is so that the review court doesn't need to waste judicial resources scouring the record to look and see whether counsel complied with the rule's requirements. That's what the certification rule is all about, it is strict compliance, and that clearly was not met in this case for all the reasons cited. Because I believe this case has to be sent back in their favor to comply with Rule 604D, I'm not going to spend a lot of time on the other two arguments, but I just want to briefly highlight or mention them. One, of course, is that we also raise an argument, if for whatever reason this court believes that we get past 604D, the sentence was vastly disproportionate to the nature of the offense in this case. There is something terribly wrong about a sentence in which seven days of unauthorized freedom, which is what happened here, he reported a week late from when the judge gave him a stay of a few days, he reported a week late. There's something terribly wrong when seven days of unauthorized freedom becomes ground for ten years of no freedom. Did the judge give him the ten-year sentence because of the seven days or because of his 15 prior felony convictions? Absolutely, and it was appropriate for the court to take into account the man's long record. I understand that. I mean, no doubt, if this was a man who had no prior record and he got ten years in this circumstance, that's one argument. But when the defendant has 15 prior felony convictions and that's something that the court can take into account... I understand that, Your Honor, but I think the important thing to understand here is that when we're looking at disproportionality, which is the issue we're trying to raise here under the Illinois Constitution, it's not simply a matter of, well, did the court, was it within the proper sentencing range? Did they consider factors in aggravation and mitigation? And if they did that, then it's fine. You know, we don't have to look further. Certainly, the record is a factor in aggravation. I understand that. But what we're saying is that the case law and disproportionality is looking at something different. It's not looking at statute. It's looking at the Constitution. And the cases are very clear that where a sentence is manifestly disproportionate to the nature of the crime, then, or the offense, that that becomes an independent ground for finding error. And I cite a number of cases where this Court of the Supreme Court has done this. It's somewhat rare, but it's certainly not unheard of. And in this case, when you consider the nature of the offense was an offensive omission, not commission, it took an extra seven days. I'm not apologizing for that.  Thank you, Counsel. Thank you, Mr. Court. Counsel, my name is Sharon Shanahan, and I represent the people  As Counsel notes, the state sets forth Rule 604-D and the certificate actually filed in the instant case. There's very little difference between the two. But what about the failure to include the of the guilty plea? I mean, I recognize it wasn't raised in the opening brief and came up in the reply brief. But aside from all that, I mean, aren't there some cases out there that say that's a defect? What, for example, taking the case that the defendant relies on in his reply brief, in that case, the certificate said that the attorney had reviewed the report of the proceedings of the sentencing hearing. That's what she said. Clearly, when you say, I reviewed the report of the sentencing hearing, but the rule requires specifically the report of the proceedings of the plea of guilty. When you say, I reviewed the sentencing, then you clearly have not reviewed the guilty plea. Unless they're all in the same proceeding, but anyway. The rule requires that he has, here I will quote the rule, examine the trial court file and report of proceedings of the plea of guilty. That's what it asks for. If you say you examined the report of the proceedings, the proceedings set forth in the rule are the plea of guilty. That's the only one it mentions in the rule. So if you say you examined the report of proceedings, then there's only one that it asks you to examine. We should say that's strict compliance. Yes, Your Honor. Setting aside entirely the waive argument. I think the two important things I want to make about this 604D thing is the defendant's efforts to leave out the word that comes after the word amendments. It says amendments necessary. And he says that this attorney may avert that he made amendments. He didn't say that. He said he made amendments necessary. He tracked the language of the rule. He tracked the exact language of the rule. If he didn't make any necessary amendments. Moving on to that is the related argument the defense counsel made. Oh, there were necessary amendments. I thought that counsel's argument here before the court was rather interesting because he said that gives me an argument. Yes, it did give him an argument. It gave him an argument to say that if he had been defense counsel in this case, he wouldn't raise these issues. He goes on rather tellingly in the retiree to say, well, there was a slim chance that they would succeed. There was a minor chance that they would succeed. But the fact that defense counsel thinks, that the public counsel thinks that these two issues should have been raised does not mean that they should have been raised. And as the state points out in its brief, there's no basis for these supports. Counsel is not required to make losing arguments and to argue that, to say to this court that he should have made an amendment and said that the defendant had serious doubts that the defendant understood the nature of defense. As Justice Sturgeon noted, this is in the very experienced litigant. He was informed of the nature of defense that he failed to report to the Marion County Jail when he was charged. When he made his first appearance, the charge was read to him that he was failing to report to the Marion County Jail. When he was asked whether he understood the charge, he said he understood. He said that he misunderstood the date. I thought I was supposed to come back to jail. So he knew by his own language. He said, I understood it all. The trial court meticulously admonished the defendant and the defendant agreed with the factual basis, which said that he was convicted of retail theft and he was offered a furlough. And here's the thing that I think, over the weekend, now, if I say March 17th, I might, you guys might not immediately say, oh yes, that's Thursday, or whatever day it is. But if I say, come back, he said, I'm giving you a furlough over the weekend so you can say goodbye to your son. This was on, I believe, a Thursday that the trial court said. You can't misunderstand a weekend. A weekend is not 10 days long. You can't, he, I mean, he's kind of arguing, well, I was the wrong, I thought it was the wrong, excuse me, the wrong of it. That doesn't apply when you add to it over, you have to come back after the weekend. I'm giving you the weekend. Weekends don't extend any farther than that. And this other argument that counsel says should have been the basis for amending it, that someone with 15 convictions doesn't understand that pleading guilty means you're not carrying, that there would be no trial if you pled guilty. To say that an experienced litigant like this that was warned about the effects at the guilty plea didn't know, oh, if I plead guilty, that means I'm guilty? So this goes to the fact that this is counsel's conclusion that if he was filed with 6040, he would have amended it to add these claims. But to say that these are strong claims, to say that these are even arguable claims, these are losing claims. And there's no reason that defense counsel had to add those claims. I think the state's argument is primarily based on the fact that the defendant has failed to produce or to establish prejudice. I don't have to prove the other. If I prove the prejudice, that's all I need to do. That's what the United States Supreme Court says. That's what the Supreme Court says. That there has to be a reasonable probability that after absent counsel's errors, he would have pleaded not guilty and insisted going on to trial. But he leaves out a very important secondary thing, which was, and the prejudice depends on the likelihood that the defendant would have succeeded at trial. Now, this isn't wild and crazy new law. This has been, I started with Hill v. Lockhart in the United States Supreme Court that says that evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, would depend in large part on prediction whether the evidence likely would have changed the outcome of the trial. Since Hill v. Lockhart, many Illinois Supreme Court cases have relied on this, including the one cited by the state, Fuller, an Illinois Supreme Court case that says prejudice depends on the likelihood that the defendant would have succeeded at trial. Going back to 1993, the Illinois Supreme Court says, the state correctly points out that under Hill, the question of whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial depends in large part on prediction of whether the defendant likely would have succeeded at trial. This defendant would not have succeeded at trial. The only issue was whether his not reporting was knowing. I think I went through that factually in detail in the brief. I don't see any point to reiterate all of that to this court now. It's supported by the record. And even his girlfriend in court. And so, I think that there's no doubt whatsoever that he did, of the only issue that could be argued at all, he did know. His actions and words, he knew. There are no other questions. I don't think there are. Thank you, Your Honor. Thank you, Counsel. Counsel? Thank you, Your Honor. I'm tempted to get into the ineffective assistance of counsel argument, but I think if I did that, I'd be doing a disservice to my client because I think we're not going to get there in this case. I think the Rule 604D argument here is dispositive. Opposing counsel said that in the case that I cited regarding the failure to specify that it's the report of the proceedings of the guilty plea, that was one in which counsel did say that he or she reviewed the transcript of the sentencing hearing. But I also cited the Dismukh case. She was talking about the Grice case. In Dismukh, the counsel for the defendant, and I, quoting from the opinion put in his certificate, I have consulted with the defendant, I have examined the court file, and I have reviewed the report of proceedings. At the case of Ed Barr, Mr. Hewitt said, I have examined the court file and report of proceedings. It's the same case. It is the omission of failing to specify that you reviewed the specific report of the proceedings of the guilty plea that made it defective in Dismukh, one of the things that made it defective, and that's what makes it defective here. You have to specify that you reviewed that one in particular, that's in the rule for a reason, or Supreme Court put it in the rule for a reason, and it's very clear from the case law from Dismukh that we have to reach the same result, that there was no strict compliance here. As far as the other point that I make about that Mr. Hewitt didn't do what he said he was going to do in this, or that he had done in the certificate, again, the fact that he made the oral argument later belies the fact that it impeaches what he said in the certificate, as occurred to people below, and as far as, well, you're not required to make an argument that only has a minor chance of succeeding, my reference in the plea brief to an argument that only had a minor chance of succeeding was that the court failed to fully make the inquiry under Rule 402B, which is another point that Attorney Hewitt missed. That would have given him a weak argument. As far as the argument that I also make that the pro se motion should have clued him in, you had a client who didn't understand what he's pleading guilty to, that I never said was only had a minor chance of success. I think that that was something he should have explored. In any event, it should have gone into a certificate. He should have amended the pleadings and created a motion to withdraw the guilty plea that at least had some merit, as opposed to standing on the one that clearly had no merit, and then orally arguing before the court in a few sentences, well, I think it was there for the judge to fail to recuse himself, which also had no merit. You can't phone it in. Rule 604D means what it says it means. You have to carefully review the record, including of the report of the guilty plea hearing, and if there is a meritorious argument, you have to raise it. He didn't do that here. For that reason and for the reason that he didn't specify and meet the strict requirements of the rule on examining the report of the proceedings of the guilty plea, we heard reversal, remand, and the remedy provided by the court in People v. Lindsey as I stated in the opening. Thank you, Robert. Thank you, counsel. We appreciate the briefs and arguments of counsel. We will take the case under advisement. The court will deal with it shortly.